UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| BERNARD C. CARTER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 12-295-DCR |
| ) | |
| v. ) | |
| ) | |
| N. MCCLURE, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Bernard Carter, an inmate currently confined at the Florence Correctional Center in Florence, Arizona, has filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983. [Record No. 1]  Carter has also filed a motion to pay the $350 filing fee in installments pursuant to 28 U.S.C. § 1915(b), as well as a motion for the Court to appoint counsel to represent him in this proceeding.  [Record Nos. 2, 4]

The prisoner trust fund account statement filed in support of Carter's motion to pay the filing fee in installments is deficient.  To proceed *in forma pauperis*, a prisoner must provide "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . ., obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  The purpose of this requirement is to allow the Court to determine how the filing fee will be paid.  *See* 28 U.S.C. § 1915(b)(1).  Carter has submitted a Certificate of Inmate

Account that contains deposit and balance information for June, July, and August of this year. [Record No. 3] Inasmuch as Carter's account statement only includes information for three-month period, the Court cannot calculate the proper initial, partial filing fee. And because Carter has "fail[ed] to document the appropriate six-month period required under the statute," and the Court will deny his request, without prejudice. *Johnson v. United States*, 79 Fed. Cl. 769, 772 (2007).

Additionally, the Court will deny Carter's motion for appointment of counsel. "The appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). A court reviewing such a motion may consider: (1) the complexity of the case, *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993); (2) the ability of the plaintiff to represent himself competently, *Lanier*, 332 F.3d at 1006; and (3) his likelihood of success on the merits. *Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009). Having considered these factors, the Court concludes that this case does not present the kind of extraordinary circumstances that would warrant the appointment of counsel for the plaintiff at the expense of federal taxpayers. Carter's motion will be denied. Accordingly, it is hereby

**ORDERED** as follows:

1. Carter's motion to pay the filing fee in installments [Record No. 2] is **DENIED**, without prejudice.

2. Carter's motion to appoint counsel [Record No. 4] is **DENIED**.

This 19th day of September, 2012.



Signed By:
*Danny C. Reeves* DCR
United States District Judge