UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| BERNARD C. CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 12-295-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| N. MCCLURE, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On September 19, 2012, this Court denied the pro se plaintiff's motion for appointment of counsel. In relevant part, the Court noted:

> The appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). A court reviewing such a motion may consider: (1) the complexity of the case, *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993); (2) the ability of the plaintiff to represent himself competently, *Lanier*, 332 F.3d at 1006; and (3) his likelihood of success on the merits. *Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009). Having considered these factors, the Court concludes that this case does not present the kind of extraordinary circumstances that would warrant the appointment of counsel for the plaintiff at the expense of federal taxpayers. Carter's motion will be denied.

[Record No. 5]

Notwithstanding this earlier determination, Plaintiff Bernard Carter has again filed a motion for appointment of counsel. [Record No. 37] However, nothing has changed to alter the Court's earlier analysis. In short, Carter has not demonstrated appointment of counsel is required. Accordingly, it is hereby

**ORDERED** that the plaintiff's most recent motion for appointment of counsel [Record No. 37] is **DENIED**.

This 17th day of January, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge